**ORIGINAL**

1  Barak Lurie (SBN 144887)
Michele A. Seltzer (SBN 209749)
2  LURIE & ASSOCIATES
11766 Wilshire Blvd. 7th Floor
3  Los Angeles, CA 90025
Tel: (310) 478-7788
4  Fax: (310) 347-4442

5  Attorneys for Plaintiff Carmen Salcido

6

7

**FILED**

**FEB 16 2011**

CLERK U.S BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

8           UNITED STATES BANKRUPTCY COURT

9           CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10  In re: | Case No. 2:10-bk-61901-PC |
| 11  | Chapter 7 |
| 12  SANJESH PRASAD SHARMA and ARACELY COLUMBINA SHARMA | Bankruptcy Filing Date: 12/03/2010 |
| 13  | |
| 14  Debtors. | |
| 15  CARMEN SALCIDO, an individual, | COMPLAINT OBJECTING TO THE DISCHARGABILITY OF DEBT PURSUANT TO 11 U.S.C § 523 |
| 16  | |
| 17  Plaintiff, | |
| 18  v. | |
| 19  | |
| 20  SANJESH PRASAD SHARMA, an individual; ARACELY COLUMBINA | |
| 21  SHARMA, an individual, PROJECT REAL LLC, an entity of unknown form; | |
| 22  DIVERSE LENDING GROUP, an entity of unknown form; ROYAL KANAN | |
| 23  HOMES, INC., a California Corporation; | |
| 24  SHARMA DEVELOPMENTS, INC., a California Corporation; ASHTON | |
| 25  MANAGEMENT LLC, a California Limited Liability Company; TEAM | |
| 26  SHARMA, INC., an entity of unknown | |
| 27  form; BALDWIN PARK BUILDERS | |

28

LURIE & ASSOC

1

LLC, a California Corporation;
BLOOMINGTON ESTATES, INC., a
California Corporation; and BELLA
BUILDERS, INC., an entity of unknown
form,

Defendants.

Comes now, CARMEN SALCIDO ("Plaintiff") by and through counsel, to file this Complaint Objecting to Discharge of Debt pursuant to 11 U.S.C. § 523(a)(2). Plaintiff requests entry of a non-dischargeable judgment against the Debtors for the full amount of any debt (including, but not limited to, principal, interest, costs, and attorneys' fees) determined that Debtor owes to Plaintiff as a debt pursuant to 11 U.S.C. § 101(12) and determined to be non-dischargeable pursuant to 11 U.S.C. §523. For its Complaint against the Debtors, Plaintiff alleges as follows:

1.    Plaintiff met Defendant Sanjesh Prasad Sharma ("Sharma") sometime around April 2005 through a realtor named Franco Ramirez ("Franco"), who is and was then Plaintiff's boyfriend.

2.    On information and belief, at all times relevant to this Complaint, Sharma was married to co-Debtor, Aracely Columbina Sharma.

3.    On information and belief, at all times relevant to this Complaint, Sharma did business as the following entities: PROJECT REAL LLC, an entity of unknown form; DIVERSE LENDING GROUP, an entity of unknown form; ROYAL KANAN HOMES, INC., a California Corporation; SHARMA DEVELOPMENTS, INC., a California Corporation; ASHTON MANAGEMENT LLC, a California Limited Liability Company; TEAM SHARMA, INC., an entity of unknown form; BALDWIN PARK BUILDERS LLC, a California Corporation; BLOOMINGTON ESTATES, INC., a California Corporation; and BELLA

2

BUILDERS, INC., an entity of unknown form. Sharma, Aracely Columbina Sharma, and all entities described in this paragraph shall be collectively referred to in this Complaint as "Debtors."

4.    On information and belief, Sharma bought a home through Franco. Sharma convinced Franco that he [Sharma] was a skilled real estate investor. On information and belief, Franco in turn told Plaintiff this information.

5.    Plaintiff had just taken a home equity line of credit to buy a coffee shop. That deal fell through, but Plaintiff could not return the money to pay the lender back the full amount because she would incur huge penalties. So, Plaintiff told Sharma that she needed to invest this money, $240,000 in all, in something that would make her money right away to cover her now large mortgage payment.

6.    At approximately the end of April 2005, Plaintiff went to Sharma's "Sharma Development" office in San Dimas with Franco and met Sharma in person. At that meeting, Sharma told Plaintiff that he would buy homes, refurbish them, and resell them at a profit. Sharma made many efforts to impress Plaintiff with his wealth and success. Sharma suggested that Plaintiff meet him at his office where had numerous people who appeared to be working for him. He also claimed to own many properties and showed Plaintiff a list of the numerous homes that he claimed to own.

7.    On information and belief, Sharma also made efforts on repeated occasions in person with both Plaintiff and Franco present in order to impress them with his success and wealth. Sharma bragged that he drove nice cars (a Bentley, an S-Class Mercedes, and a Range Rover, all newer models), took lavish vacations, including to the World Cup, flew his friends around in private jets, owned multiple race horses, and was in the process of building a huge, palatial home with over 14 flat screen televisions for just himself, his wife, and two children. Sharma presented himself in very nice clothes and his office was extremely nice, especially

3

to a simple person like Plaintiff. To Plaintiff, no one could afford these things unless they were very successful. Neither Plaintiff nor Franco knew anyone with this level of wealth and success and both felt totally impressed and in awe of Sharma.

8.    Sharma represented to Plaintiff that he had a large portfolio of highly successful investment properties that he encouraged Plaintiff to also invest her money in for a gain of at least 20% in one year on her investment. Sharma showed Plaintiff lists of dozens of properties in which he claimed that he would invest Plaintiff's money.

9.    Sharma bragged to Plaintiff about the success of his investments and his skill at selecting these investment properties.

10.    At that meeting, Sharma explained to Plaintiff that she would be investing money into his company, Sharma Development, and that he would make real estate investments with that money. Specifically, Sharma said that he would buy homes, refurbish them, and resell them. Sharma guaranteed to Plaintiff that she would make a 20% profit on investments. Sharma told Plaintiff that he would repay the entire loan, plus interest within one year from the date of the promissory note, with interest paid according to the schedule.

11.    Sharma also told Plaintiff that after one year, Plaintiff could invest again with him, and that they would negotiate the interest based on how well the investments were doing at that time.

12.    The interest that Sharma promised was particularly enticing to Plaintiff because this amount would cover Plaintiff's mortgage, taxes, and leave her with a little spending money. Plaintiff cried to Sharma about how she had a huge mortgage payment at an advanced age in life and desperately needed the interest to survive.

13.    Plaintiff let Sharma know that she would like to invest.

4

14.    Sharma and Plaintiff had a second meeting at Sharma's office and again with Franco present. At that time, Plaintiff gave Sharma a check for $240,000. Sharma gave Plaintiff a check, as well, which he told her was an up front payment for interest, to help induce Plaintiff that he had the money to cover the interest and payments.

15.    Plaintiff asked Sharma for a receipt for the check or something showing that she had given him the money.

16.    At their second meeting, Sharma gave Plaintiff a Promissory Note ("First Promissory Note") dated May 5, 2005, in favor of Plaintiff, which provided for principal and interest totaling $48,000 (but not expressly noted to be at a particular interest rate) to be paid to Plaintiff by January 5, 2006. Plaintiff attaches a true and correct copy of the First Promissory Note hereto as Exhibit "A," and incorporates its terms as if fully set forth herein.

17.    Plaintiff did not negotiate the terms of the First Promissory Note. Rather, Sharma just gave it to her already signed by him. Plaintiff did not counter sign the First Promissory Note.

18.    The First Promissory Note specifically stated that Plaintiff's money would be used "for real estate development." This led Plaintiff to believe initially that she was going to be getting an interest in properties in exchange for her investment.

19.    On information and belief, neither Sharma nor anyone acting on his behalf ever submitted any information to the Securities and Exchange Commission regarding these investments.

20.    Sharma made no inquiry into whether Plaintiff was a "Qualified Investor" under any securities regulation. On information and belief, Sharma knew or should have known that Plaintiff was not a Qualified Investor since she

5

explained to him that she had taken the $240,000 she invested from a home equity line and that she was in a desperate situation to pay it back.

21.    Sharma never advised Plaintiff as to whether she was purchasing a security interest or not.

22.    On information and belief, Sharma provided no disclosures to Plaintiff regarding her investment, any of the properties, or any other aspect of his dealings with Plaintiff.

23.    On information and belief, Sharma is not a licensed broker of any security and was not during the relevant time periods herein.

24.    On information and belief, no company that Sharma owns or operates holds any license, registration, and or certificate to sell, trade, leverage, or otherwise broker any security interest.

25.    After Plaintiff provided Sharma and his company with the check for $240,000, Sharma Developments, Inc. provided Plaintiff payments totaling $31,300 on May 5, 2006 and September 1, 2005.  The checks note different account numbers, as well as different reasons for the invoices -- one saying that the payment was for "INVESTMENT PROCEEDS" and another saying that the invoice was for "9013 HOLMES."

26.    Plaintiff has no idea what 9013 Holmes is or was.

27.    On information and belief, Sharma gave Plaintiff these large payments to further entice her to believe him, further impress Plaintiff with his wealth, and make her feel a false sense of security regarding her investment.

28.    Besides making these two initial balloon payments to Plaintiff to entice her to, Sharma did other things to impress Plaintiff with his generosity and wealth.  About two months after Plaintiff gave Sharma $240,000, Plaintiff's son, who was in college needed a job, and mentioned this to Sharma.  Eventually, Sharma even hired Plaintiff's son to work in his office after Plaintiff invested.

6

29.    Sharma paid Plaintiff no other amounts during the term he set forth in the First Promissory Note.

30.    However, Sharma Developments issued four checks over the span of just over a month to Plaintiff for a total of $16,700, which was the remaining amount due on the $48,000 under the First Promissory Note. Oddly, Sharma Developments paid Plaintiff two checks for $4175 on February 17, 2006, and then checks in the same amount on March 6, 2006 and March 27, 2006.

31.    The first year, Sharma may have been late with interest payments, but Plaintiff was willing to work with this. On a couple of occasions, Plaintiff and Franco went to Sharma's offices to pick up checks. He always seemed to make a check available, and then would tell them about his lavish lifestyle, including his travels and expensive purchases. With these stories of his great wealth, and his always managing to pay Plaintiff, even if sometimes late, Plaintiff did not worry and felt that Sharma would always pay her eventually.

32.    Because the interest payments seemed profitable to Plaintiff that first year, even if they were sometimes sporadic, Plaintiff agreed to roll over her initial investment for another year with Sharma in May 2005.

33.    However, Sharma told Plaintiff that he would not continue to pay her at 20% interest. In person, with Franco present, Sharma and Plaintiff negotiated that Plaintiff would receive 20% for a few months and then he would pay her at 15% thereafter.

34.    Plaintiff would not have agreed to any amount below 15% interest because she would not be able to cover her increased mortgage payments on less.

35.    Sharma provided Plaintiff with another promissory Note ("Second Promissory Note") that provided a payment schedule at specific interest rates for the first four months. Thereafter, Sharma drafted the Second Promissory Note to provide for a floating interest rate between 10 to 15%. Plaintiff attaches a true and

7

correct copy of the Second Promissory Note dated May 24, 2007 hereto as Exhibit "B," and incorporates its terms as if fully set forth herein.

36. While this did not comport with the verbal understanding of the parties, the checks themselves seemed to initially reflect payment at 20%. The bottom line concerned Plaintiff more than the Promissory Notes that Sharma drafted.

37. As under the First Promissory Note, Sharma and Sharma Development again did not make payments according to any specific schedule or as provided in the Second Promissory Note. The sporadic payments threw Plaintiff off, but given her history with Sharma, she did not yet at that time feel uncomfortable about her investment with him during 2006.

38. Under the Second Promissory Note, Sharma owed Plaintiff all sums by April 5, 2007.

39. However, Sharma was extremely late with his April 2007 payment to Plaintiff.

40. Plaintiff had multiple telephone calls -- perhaps five to 10--with Sharma wherein she inquired as to what happened to her money. During those calls, Sharma claimed to not be doing well financially and claimed that he did not have the money.

41. Plaintiff was in desperate straits with her mortgage and literally begged Sharma to give her the money. Plaintiff threatened to go to an attorney and in response, Sharma threatened to file bankruptcy if she did.

42. Sharma told Plaintiff that he could only pay her $1,200 and sent that payment to her.

43. From the end of April 2007 through September 2007, Sharma paid Plaintiff $1,200 per month.

44. Thereafter, Sharma stopped paying Plaintiff anything.

8

45.   Plaintiff began to inquire as to what happened to the investments and the properties in which Debtor represented they had invested Plaintiff's money.

46.   On information and belief, Sharma had not refurbished the properties in order to flip them, as he had told her. After Plaintiff invested with Debtor, she began to find out that they had let some or all of those properties go to utter waste. Some even ended up being condemned during the time that Plaintiff was still dealing with Defendant and actively investing with him.

47.   On information and belief, Sharma did nothing but sell Plaintiff a "bill of goods" and return pennies to her of her own money while he ran off with the rest of her investment.

48.   Had Plaintiff known the truth about Sharma, his failure to maintain and/or actually refurbish the properties that he was investing her money into, and the real state of his finances, she never would have invested with him.

49.   Plaintiff's son initially worked with a lender in Sharma's office processing loans. Then, Plaintiff's began to work more closely with Sharma. Around the same time that Sharma stopped paying Plaintiff, Plaintiff's son advised her that he saw a lot of activity that Sharma was not dealing with people in a truthful and legitimate fashion. Plaintiff's son told Plaintiff that he saw Sharma transfer properties to other people's names. Plaintiff's son also said that Sharma failed to pay bills and/or paid personal bills with money from his business. Plaintiff's son also commented that many of the people Sharma was dealing with seemed crooked.

50.   In total, Debtor made interest payments to Plaintiff totaling $86,700.00. However, Debtor has made no payment to Plaintiff on the principal amount of $240,000, which remains outstanding today.

51.   Plaintiff began to feel very uncomfortable and retained counsel to pursue claims against Sharma.

9

52.   Plaintiff initiated a lawsuit against Sharma in Los Angeles Superior Court bearing case number KC051243.

53.   On or about August 7, 2008, Sharma stipulated to a judgment against his companies and him personally for $240,000.  Plaintiff attaches hereto as Exhibit C a true and correct copy of the Stipulation between Debtor and Plaintiff.

54.   Plaintiff incorporates the terms of this Agreement as if fully set forth herein, including the attorney fees provision in ¶ 19 of that Agreement.

55.   On December 29, 2008, Judge Peter J. Meeka entered Judgment ("Judgment") pursuant to the stipulation against Sharma and Sharma Developments, Inc.  Plaintiff attaches hereto as Exhibit D a true and correct copy of the Judgment against Debtor.

56.   Sharma never made any payment on that Judgment.

57.   On information and belief, Sharma never had any intention of honoring that Judgment.

58.   On information and belief, Sharma maliciously and fraudulently induced Plaintiff to accept a stipulated Judgment that he never intended on performing, and has made no effort to perform upon.  On information and belief, Sharma set it up so that Plaintiff's and any other judgment would be difficult, if not impossible, to collect because he transferred all of his assets to appear insolvent and justify a bankruptcy action.

59.   On information and belief, Debtor has not filed this bankruptcy in good faith.

60.   On information and belief, Sharma transferred assets and directed people within his business to transfer assets from himself to others to appear insolvent.  Plaintiff's son actually witnessed this activity while he worked at Sharma's office.

10

61.     On information and belief, Sharma still lives a luxurious lifestyle, which he affords at the expense of people that he defrauded, like Plaintiff.

## FIRST CLAIM FOR RELIEF

### 11 U.S.C. § 523(a)(2)(A)

62.     Plaintiff alleges and incorporates the above paragraphs of this Complaint as if fully set forth herein.

63.     TheDebtor's debts to Plaintiff arose as a result ofDebtor's false pretenses, false representations, and/or actual fraud, including but not limited to initially defrauding Plaintiff into giving Debtor loans and inducing Plaintiff to accept the Stipulated Judgment, which Debtor never intended to satisfy.

64.     On information and belief, Debtor never intended to repay Plaintiff for the money she loaned him.

65.     On information and belief, Debtor never intended to perform on the settlement agreement terms that he and Plaintiff agreed to as part of the Stipulated Judgment (See Exhibit C).

66.     On information and belief, it was always Debtor's intent to make himself appear insolvent through fraudulent transfers, fraudulent accounting practices, and other bad acts after accepting hundreds of thousands, if not millions in loans from unsuspecting "investors."  On information and belief, Debtor never intended to pay any of that money back to investors and entered into stipulations and agreements for payment, including the Stipulated Judgment, in bad faith and with no intent to ever perform on this.

67.     On information and belief, Sharma orchestrated filing this bankruptcy long before this actual filing, and has been threatened Plaintiff that he would file bankruptcy since 2006, at the height of the market.  On information and belief, and

as part of this scheme, Sharma transferred his assets to other to make himself appear insolvent.

68.    Plaintiff incurred damages as a result of the foregoing and holds a non-dischargeable debt of the Debtor in an amount to be proved at trial.

## SECOND CLAIM FOR RELIEF
### 11 U.S.C. § 523(a)(2)(B)

69.    Plaintiff alleges and incorporates the above paragraphs of this Complaint as if fully set forth herein.

70.    Debtor's debts to Plaintiff arose as a result of Debtor's false pretenses, false representations, and/or actual fraud.

71.    Specifically, Debtor defrauded Plaintiff, in whole or in part, through materially false written statements regarding Debtor's financial condition, on which Plaintiff reasonably relied, and which Debtor communicated to Plaintiff with the intent to deceive and defraud Plaintiffs.

72.    These written statements include (1) the list of properties that Sharma claimed to own and for which he claimed to use the investors money in, (2) the First Promissory Note that Debtor drafted, (3) the Second Promissory Note that Debtor drafted, and (4) the stipulated Judgment and payment schedule contained therein, all of which Plaintiff attaches hereto.

73.    Plaintiff incurred damages as a result of the foregoing and holds a non-dischargeable debt of the Debtor in an amount Plaintiff will prove at trial.

## THIRD CLAIM FOR RELIEF
### 11 U.S.C. § 523(a)(4)

74.    Plaintiff realleges and incorporates the previous allegations of above paragraph as though fully set forth herein.

12

75.   Upon information and belief, the Debtor obtained their assets, including but not limited to those assets and proceeds that that Debtor may or may not have identified as assets of their bankruptcy estate, through fraud against Plaintiff.

76.   Plaintiff incurred damages as a result of the foregoing and holds a non-dischargeable debt of the Debtor in an amount Plaintiff will prove at trial.

## FOURTH CLAIM FOR RELIEF
### 11 U.S.C. § 523(a)(6)

77.   Plaintiff realleges and incorporates the previous allegations of above paragraph as though fully set forth herein.

78.   Upon information and belief, the Debtor obtained his assets, including but not limited to those assets and proceeds that that Debtor may or may not have identified as assets of his bankruptcy estate, through willful conversion against Plaintiffs.

79.   Plaintiff incurred damages as a result of the foregoing willful and malicious conversion, and holds a non-dischargeable debt of the Debtor in an amount Plaintiff will prove at trial.

## FIFTH CLAIM FOR RELIEF
### 11 U.S.C. § 523(a)(19)

80.   Plaintiff realleges and incorporates the previous allegations of above paragraph as though fully set forth herein.

81.   Upon information and belief, Debtor's loan from Plaintiff constituted a security within the meaning of both Federal and California State securities laws.

13

82.    Upon information and belief, Debtor became indebted to Plaintiff through common law fraud, deceit, and manipulation on which Plaintiff filed a petition in Los Angeles Superior Court.

83.    Plaintiff obtained a stipulated Judgment as part of a settlement agreement upon which the Court entered Judgment against Debtor based on the foregoing activities.

84.    Accordingly, Debtor's debts to Plaintiff pursuant to this Judgment are not dischargeable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Debtor as follows:

1.    For a determination that Debtor incurred debt to the Plaintiff as a result of false pretenses, false representations, actual fraud, and/or willful and malicious conversion, so that Debtor may not seek discharge of this debt pursuant to 11 U.S.C. § 523;

2.    For judgment for such non-dischargeable debt in the full amount of Plaintiff's damages (including principal, accrued and accruing interest, costs, and attorneys' fees) which Plaintiff will prove at trial;

3.    For attorney's fees per ¶ 19 of the Settlement Agreement attached hereto as Exhibit "C" upon which the Court entered Judgment; and

///

///

///

14

1        4.      For such other and further relief as the Court deems just and proper

2    under the facts and circumstances of this case.

3

4    RESPECTFULLY SUBMITTED this 14th Day of February 2011.

5

6    DATED:  February 14, 2011          LURIE & ASSOCIATES

7

8

9                                       By:

10                                      Michele A. Reikes

                                   Attorneys for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

    15

PROMISSORY NOTE

$240,000.00                                                        MAY 05, 2005

8 MONTHS (01/05/06)              after date (without grace),          THE UNDERSIGNED

Promises to pay to the order of          CARMEN SALCIDO

TWO HUNDRED FORTY THOUSAND AND 00/100----------------------DOLLARS,

For value received with interest at          N/A                per cent per          N/A

From     N/A          until paid  Interest payable    JAN 05, 2006    both principal

Payable in lawful money of the United States. Total profit to be paid $48,000.00

January 05, 2006

SHARMA DEVELOPMENTS, INC

BY: SANJESH SHARMA

SONIA A. LOMELI
Commission # 1496658
Notary Public - California
Los Angeles County
My Comm. Expires Jun 26, 2008

$240,000.00                                                     5/5/06

This __One Year__ promissory note begins 5/5/06 and terminates on 5/5/07 (without grace). ___The Undersigned_____ promises to pay to the order of _Carmen Salcido_ in the amount of _____Two Hundred Forty Thousand____ Dollars, for the value received

with interest paid at the schedule below or until principle is paid in full.

Date $20$  %    Interest Due

1ˢᵗ installment - To be paid 8/5/06
5/5/06     20%    $4000.00
6/5/06     20%    $4000.00
7/5/06.    10%    $2000.00
8/5/06     10%    $2000.00

An interest rate within 10% to 15% to be determined before 2nd interest payout

2nd installment – To be paid 12/05/06
9/5/06     TBD    $ TBD
10/5/06    TBD    $ TBD
11/5/06    TBD    $ TBD
12/05/06   TBD    $ TBD

3ʳᵈ installment – To be paid 4/5/07
1/5/07     TBD    $ TBD
2/5/07     TBD    $ TBD
3/5/07     TBD    $ TBD
4/5/07     TBD    $ TBD

Sharma Developments, Inc. has the right to terminate this note at anytime and return the principle, including all applicable interest due at the time of repayment.

*NOTE: FUNDS ARE TO BE USED FOR REAL ESTATE DEVELOPMENT.

SHARMA DEVELOPMENTS, INC.

By: Sanjesh Sharma- President

1    Steven L. Kester (Bar No. 82071)
     skester@archernorris.com
2    ARCHER NORRIS
     A Professional Law Corporation
3    4695 MacArthur Court, Suite 350
     Newport Beach, California 92660
4    Telephone:    949.975.8200                                              •
     Facsimile:    949.975.8210
5
     Attorneys for Defendants
6    SHARMA DEVELOPMENTS, INC. and SANJESH
     SHARMA
7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    COUNTY OF LOS ANGELES- EAST DISTRICT

10

11    CARMEN SALCIDO, an individual,            Case No. KC051243

12                    Plaintiff,               Assigned to Judge Peter J. Meeka
                                               Department O
13                    v.
                                               **STIPULATION FOR ENTRY OF**
14    SHARMA DEVELOPMENTS, INC.;               **JUDGMENT AND JUDGMENT**
      SANJESH SHARMA, and DOES 1 TO
15    100 ,

16                    Defendants.

17

18          WHEREAS plaintiff Carmen Salcido ("plaintiff" or "Salcido") and defendants Sharma

19    Developments, Inc. ("Sharma, Inc.") and Sanjesh Sharma ("Sharma") (collectively referred to as

20    "defendants"), each having voluntarily submitted to the jurisdiction of the Superior Court of the

21    State of California for the County of Los Angeles, hereby stipulate to the following:

22          IT IS HEREBY STIPULATED AND AGREED by and between plaintiff and defendants

23    that pursuant to the Court's having retained jurisdiction over this matter under section 664.6 of

24    the California *Code of Civil Procedure* and upon default by defendants on the Settlement

25    Agreement, judgment on the case may be entered in favor of plaintiff and against defendants in

26    the sum of two hundred forty thousand dollars and zero cents ($240,000.00) together with interest

27    thereon at the rate of seven percent (7%) per annum simple interest calculated thereon beginning

28    October 1, 2008 less any monies paid plaintiff under the terms of the Settlement Agreement
      S0326002/678473-1

                    STIPULATION FOR ENTRY OF JUDGMENT AND JUDGMENT

1    entered into by and between plaintiff and defendants, a copy of which is attached hereto as

2    Exhibit A.

3        Defendants specifically stipulate and agree that judgment on the case may be entered

4    against them in the amount set forth hereinabove upon the claims set forth in the complaint and

5    causes of action therein currently on file before the Superior Court of California for the County of

6    Los Angeles under case number KC051243, entitled *Salcido v. Sharma Developments, Inc., et al.*

7        Plaintiff and defendants further admit, agree and stipulate that each has had a full and fair

8    opportunity to litigate the allegations contained in the complaint on file in Los Angeles County

9    Superior Court case number KC051243.

10       Defendant Sanjesh Sharma represents and warrants to plaintiff that he is a principal and/or

11    officer, director, shareholder or authorized representative of defendant Sharma Developments,

12    Inc. and that he is authorized by it to enter into this stipulation on its behalf and to bind it to its

13    terms and conditions including, but not limited to, the entering of the monetary judgment set forth

14    hereinabove.

15       Prior to signing this stipulation for entry of judgment and judgment, plaintiff and

16    defendants have consulted with or had the opportunity to consult with an attorney of their own

17    choosing, completely read this stipulation, thoroughly understand each and every terms and

18    condition set forth herein, and to agree to be bound by thereby.

19

20

21                          Carmen Salcido, an individual

22    Aug 7 2008

23    Date: July ____, 2008

24                          Sanjesh Sharma, an individual

25

26    Date: July 31, 2008

27

28    503260026/78473-1

                               2

             STIPULATION FOR ENTRY OF JUDGMENT AND JUDGMENT

## CONFIDENTIAL SETTLEMENT AND MUTUAL RELEASE AGREEMENT

THIS CONFIDENTIAL SETTLEMENT AND MUTUAL RELEASE AGREEMENT

("Agreement") is entered into this 8th day of July, 2008 ("Effective Date") by and between

Carmen Salcido ("Plaintiff" or "Saclido") on the one hand, and Sanjesh Sharma ("Sharma") and

Sharma Developments, Inc. ("Sharma, Inc.") (collectively, "Defendants") on the other (at times

all parties are referred to collectively as "the parties").

### RECITALS

THIS AGREEMENT is made with respect to the following facts:

A.      Plaintiff and Defendants are parties to the legal action designated as Case No.

KC051243 presently pending in the Superior Court of the State of California for the County of

Los Angeles (the "LAWSUIT").

B.      Plaintiff alleges in the LAWSUIT that she loaned Defendants $240,000.00

pursuant to a contract between herself and Defendants ("Loan"), that Defendants failed to make

the monthly payments due Plaintiff under the terms of the contract, and that Defendants are

therefore in breach of contract. Plaintiff further alleges in the LAWSUIT that Defendants are

indebted to her for money had and received, and for money lent by her to Defendants.

C.      Defendants have denied engaging in any wrongful conduct and deny liability to

Plaintiff for any amount of damages.

D.      After voluntarily participating in a mediation before court-appointed mediator

David E. Hosmer, Esq. on July 8, 2008, the parties agreed to compromise and settle all claims

related to the LAWSUIT. Each party represents and warrants to the others that he, she or it has

the consent and approval of his, her, or its respective board, shareholders, members, partners and

spouse(s) to enter into this Agreement and that each party in so consenting has been authorized to act on such party's behalf and agrees to be bound by the terms of this Agreement.

E.     The parties, in entering into this Agreement, desire fully and finally to terminate and cancel all relationships, controversies, claims, debts, obligations, duties and matters of whatever nature existing between them as a result of the Loan, except such rights, obligations, duties and/or liabilities as may be created by this Agreement.

NOW, THEREFORE, in consideration of the foregoing facts, and pursuant to the covenants, terms and conditions hereinafter, the parties hereto agree as follows:

1.     Incorporation of Recitals. The foregoing Recitals are incorporated herein by reference.

2.     Notice of Settlement of the LAWSUIT. Upon receipt by Plaintiff of a copy of this Agreement executed by Defendants, and no later than July 20, 2008, Plaintiff shall cause to be filed with the Los Angeles County Superior Court an executed Notice of Settlement of the LAWSUIT.

3.     Terms of Compromise and Settlement. The parties intend that this document specify all terms of settlement. The terms of settlement are as follows:

a.     Promise to Pay Principal and Interest Owed. In accordance with the terms set forth below in paragraphs 3(b) to 3(d), on or before September 1, 2018, Sharma, Inc., on behalf of Defendants, shall pay Plaintiff the sum of two hundred forty thousand dollars and zero cents ($240,000.00) ("Principal"), together with interest thereon at the rate of seven percent (7%) per annum simple interest ("Interest") calculated thereon beginning October 1, 2008.

S^520-02 677002-1                                        2

     b.    Monthly Payments. Beginning on October 1, 2008, and continuing thereafter from month-to-month for a total of sixty (60) months, Sharma, Inc. shall make monthly payments to Plaintiff consisting of Interest and Principal ("Monthly Payments") according to the payment schedule attached hereto as Exhibit A, and incorporated herein by reference.

     Contingent upon Sharma, Inc. having made all payments required of it up and until September 1, 2013 as provided for in paragraph 3.b above, Sharma, Inc. shall be entitled to make Monthly Payments of two-thousand dollars and zero cents ($2,000.00) beginning on October 1, 2013 and continuing thereafter from month-to-month for a total of sixty (60) months.

     c.    Lump Sum Payments. Sharma, Inc. shall make two lump sum payments of five thousand dollars and zero cents ($5,000.00). The first payment shall be made on October 1, 2008, and the second payment shall be made on December 31, 2008. These lump sum payments shall be considered in satisfaction of past interest due under the Loan. Sharma, Inc. shall make one lump sum payment of ten thousand dollars and zero cents ($10,000.00) on March 1, 2009 as a reduction in Principal. The payments provided for in this paragraph 3.c. shall hereinafter be collectively referred to as the "Lump Sum Payments".

     d.    Final Payment of Principal. On September 18, 2018, Sharma, Inc. shall make a final payment consisting of one hundred seventy four thousand, two hundred dollars and zero cents ($174,200.00), the Principal then due and owing as shown in the amortization scheduled attached hereto as Exhibit B, and incorporated herein by reference ("Final Payment").

     e.    Delivery of Payments. Payments made under this Agreement shall be made payable to "Carmen Salcido" and shall be delivered to Plaintiff in person, via U.S. Mail, or other courier service. Payments delivered to Plaintiff by U.S. Mail or courier service shall be

addressed to the last known address of Plaintiff and postmarked or placed with the courier service for delivery on or before the first day of the month in which the Monthly Payment, Lump Sum Payment or Final Payment is due, or the next business day thereafter if the first day of the month is a Saturday, Sunday, or government holiday. It is Plaintiff's responsibility to provide Defendants with a current address for delivery of all payments made pursuant to this Agreement.

      f.     Definition of "Late" Payments.

      i.     Monthly Payments. If Plaintiff has not received a payment due under the terms of this Agreement by the 10th day of the month in which the payment is due, the payment shall be considered "late". A payment that would otherwise be considered "late" shall not be deemed so if the reason the payment was not received by the 10th day of the month in which it is due is because Plaintiff failed to provide Defendants with a current address for delivery of the payment or the payment was lost, stolen, mutilated or destroyed.

      ii.     Lump Sum Payments and Final Payment. If Plaintiff has not received a payment due under the terms of this Agreement by the 1st day of the month in which the payment is due, the payment shall be considered "late". A payment that would otherwise be considered "late" shall not be deemed so if the reason the payment was not received by the 1st day of the month in which it is due is because Plaintiff failed to provide Defendants with a current address for delivery of the payment or the payment was lost, stolen, mutilated or destroyed.

      g.     Default. Defendants shall be in default of this Agreement if any payment due under the terms of this Agreement is deemed "late" in accordance with paragraph 3(f) above. Should Defendants be considered in default of this Agreement, Plaintiff shall be

entitled to file the Stipulated Judgment attached hereto as Exhibit C and incorporated herein by reference.

        h.     Notice of Default. If Defendants are in default, Plaintiff may send Defendants written notice, called "Notice of Default" telling Defendants that if Defendants do not pay the overdue amount by a certain date, Plaintiff may require Defendants to pay immediately all Interest Payments that were not paid as of the date of the Notice of Default and the Principal. Notice of Default shall be delivered to Sharma Developments. Inc. at 421 S. Cataract Avenue, San Dimas, California 91773, unless an alternative address is provided to Plaintiff by Defendants.

        i.     Lost, Stolen, or Destroyed Payments. If any payment due under the terms of this Agreement is lost, stolen, mutilated or destroyed, Defendants shall tender to Plaintiff an identical payment within five (5) business days of Defendants having acquired knowledge of the payment's loss, theft, mutilation or destruction.

    4.     Dismissal of the LAWSUIT. Upon execution of this Agreement by all parties hereto, and no later than August 1, 2008, Plaintiff shall cause to be filed with the Los Angeles Superior Court an executed request for dismissal of the LAWSUIT without prejudice. Upon completion of the terms of this Agreement the filed request for dismissal without prejudice shall be deemed a dismissal of the LAWSUIT with prejudice.

    5.     Release by Plaintiff. Except as provided in this Agreement, Plaintiff, on behalf of herself, her assigns, agents and representatives hereby releases and forever discharges Defendants, their present or former companies, their respective assignees, transferees, principals, partners, officers, directors, employees, former employees, servants, subsidiaries, parents, successors, agents, attorneys and representatives, from any and all claims, demands, damages,

    5

debts, loans, liabilities, obligations, contracts, agreements, causes of action, suits and costs, of whatever nature, character or description, whether known or unknown, anticipated or unanticipated, which she may have or may hereafter have or claim to have against Defendants by reason of any matter or omission arising from any cause whatsoever prior to the Effective Date of this Agreement, including, but not limited to, any of the matters which arise out of, directly or indirectly, or are in any way connected with or mentioned in the LAWSUIT, Plaintiff's relationships with Defendants, including, but not limited to, the Loan.

6.      Release by Defendants. Defendants, collectively, on behalf of themselves, their heirs, successors, assigns, agents and representatives hereby release and forever discharge Plaintiff from any and all claims, demands, damages, debts, loans, liabilities, obligations, contracts, agreements, causes of action, suits and costs, of whatever nature, character or description, whether known or unknown, anticipated or unanticipated, which they may have or may hereafter have or claim to have against Plaintiff by reason of any matter or omission arising from any cause whatsoever prior to the Effective Date of this Agreement, including, but not limited to, any of the matters which arise out of, directly or indirectly, or are in any way connected with or mentioned in the LAWSUIT, Plaintiff's relationships with Defendants, including, but not limited to, the Loan.

7.      Intention of the Parties. It is the intention of the parties that this Agreement shall be effective as a full and final accord and satisfactory release of each and every matter specifically or generally referred to herein. Except as otherwise provided herein, in furtherance of this intention, the parties acknowledge and agree that this release applies to all claims that each may have against the other arising out of the LAWSUIT, the Loan, and/or facts described in

the Recitals for injuries and damages whether those injuries and damages are known or unknown, foreseen or unforeseen, or are patent or latent.

The parties certify that they have read Section 1542 of the California Civil Code, ("Section 1542"), set out below, and indicate that fact by signing their initials here:

Salcido(     ) Sharma (     ) Sharma, Inc. (     )

"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

The parties hereto waive and relinquish any rights and benefits which they may have under Section 1542.

The parties understand and acknowledge that the significance and consequence of this waiver of Section 1542 of the California Civil Code is that even if any party should eventually suffer additional damages arising out of the Loan, the LAWSUIT, and/or the facts described in the Recitals, they will not be permitted to make any claim for those damages. Furthermore, the parties acknowledge that they intend these consequences even as to claims for damages related to the Loan and/or the LAWSUIT that may exist as of the date of this release but which they do not know exist, and which, if known, would materially affect their decision to execute this release, regardless of whether any party's lack of knowledge is the result of ignorance, oversight, error, negligence, or any other cause.

The parties warrant and represent that in executing this release, they have relied on legal advice from an attorney of their choice, that the terms of this release and its consequences have been completely read and explained to them by their attorney, and that they fully understand the terms of this release.

8.     Ownership of Claims.  The parties warrant and represent that they are the only persons or entities which have any interest in any of the claims and/or demands herein released, and that none of such claims, causes of action, costs or demands, or any part thereof, have been assigned, granted or transferred in any way to any other person and/or entity.

9.     Confidentiality.

       A.     Confidentiality of Settlement and Agreement.  The parties hereto, jointly and severally, agree that they will maintain strict confidentiality with respect to the entirety of this Agreement and each and every part thereof.  The parties agree that with the exception of the parties' counsel, or as required by applicable law, they shall not disclose, discuss, or reveal to any other persons, entities or organizations, the contents of this Agreement, without prior written approval of the other parties.  It is agreed between the parties that if any party is asked by any person, aside from those listed above, about the terms of the settlement, he or she will respond by stating that he or she will not discuss the subject or that the matter was "resolved."

       B.     Confidentiality of Underlying Allegations.  The parties agree that they will not, without compulsion of legal process, disclose to any person the underlying facts alleged by Plaintiff in support of the claims released herein and/or any circumstances otherwise surrounding this dispute.  It is agreed between the parties that if any party is asked about the underlying facts relating to the LAWSUIT, this dispute and/or the settlement, he or she will respond by stating that he or she will not discuss the subject or that the matter was "resolved."

10.    No Admission.  Plaintiff and Defendants acknowledge that the parties each expressly deny liability for each and every claim that has been or could be raised in the LAWSUIT. It is understood and agreed that this is a compromise settlement of disputed claims made solely for the purpose of avoiding the time and expense involved in litigating the balance

of this matter. Neither this Agreement itself, nor the furnishing of the consideration of this Release, shall be deemed or construed at any time or for any purpose as an admission of Defendants' liability or responsibility for the claims specified in the Lawsuit.

11.   Mutual Non-Disparagement. The Parties will refrain from making any representation or statement, whether written or oral, to any person or entity, including but not limited to customers, competitors, co-workers, employees, prospective employers, which reflects any opinion, judgment, observation or representation which defames Plaintiff, Sharma, or Sharma, Inc. and/or its officers, directors, managers or employees.

12   Entire Agreement. This Agreement contains the entire understanding and agreement between the parties hereto with respect to the matters referred to herein. No other representations, covenants, undertakings or other prior or contemporaneous agreements, oral or written, respecting such matters, which are not specifically incorporated herein, shall be deemed in any way to exist or bind any of the parties hereto. The parties hereto acknowledge that each party has not executed this Agreement in reliance on any such promise, representation or warranty.

13.   Severability. If any provision of this Agreement, as applied to any party or to any circumstance, shall be adjudged by a court to be void and unenforceable, the same shall in no way affect:

       (a)   Any other provision in this Agreement;

       (b)   The application of such provision in any other circumstances.

       (c)   The validity or enforceability of the Agreement as a whole.

14.    Binding on Successors. This Agreement and the covenants and conditions
contained herein shall apply to, be binding upon and inure to the administrators, executors, legal
representatives, assignees, successors, agents, partners, spouses and assigns of the parties hereto.

15.    Construction. This Agreement shall not be construed against the parties preparing
it, but shall be construed as if all parties jointly prepared this Agreement and any uncertainty and
ambiguity shall not be interpreted against any one party.

16.    Governing Law. This Agreement is to be interpreted, enforced and governed by
and under the laws of the State of California. The parties agree that this Agreement was made in
Los Angeles County, California, and that they will submit to the jurisdiction of the California
courts for any dispute concerning this Agreement.

17.    Modification. This Agreement shall not be modified by any party by oral
representation made before or after the execution of this Agreement. All modifications must be
in writing and signed by the parties.

18.    Time of the Essence. Time is of the essence for the performance of each and
every covenant and the satisfaction of each and every condition contained in this Agreement.

19.    Attorneys' Fees. Except for as provided below, it is agreed by the parties that all
attorneys' fees and costs incurred as a result of or in connection to the LAWSUIT, mediation,
and settlement shall be borne by the parties who incurred such attorneys' fees and costs.
Should suit be brought to enforce or interpret any part of this Agreement, the "prevailing party"
shall be entitled to recover as an element of costs of suit and not as damages, reasonable
attorneys' fees to be fixed by the Court. The "prevailing party" shall be the party entitled to
recover his/her/its costs of suit, regardless of whether such suit proceeds to final judgment. A
party not entitled to recover his/her/its costs shall not be entitled to recover attorneys' fees. No

sum for attorneys' fees shall be counted in calculating the amount of a judgment for the purposes of determining if a party is entitled to recover costs or attorneys' fees.

20.    Further Documents/Acts. The parties shall execute and deliver all documents and perform all further acts that may be reasonably necessary to effectuate the provisions of this Agreement.

21.    Advice of Counsel. The parties acknowledge that they have been represented by counsel of their own choice in the negotiations leading up to the execution of this Agreement and that they have read this Agreement and have had it fully explained to them by their counsel.

22.    Counterparts. This Agreement may be executed in multiple counterparts, each of which shall be deemed an original Agreement, and all of which shall constitute one agreement to be effective as of the Effective Date.

Carmen Salcido, an individual

Date: 8-7-08

Sanjesh Sharma, an individual

Date: 8-1-08

Sharma Developments, Inc.

Date: 8-1-08    By: _____
Sanjesh Sharma, President

APPROVED AS TO FORM
AND CONTENT:

Law Office of Gary A. Perotin. A.P.L.C.

By:

Gary A. Perotin, Esq.
Attorney for Carmen Salcido

Archer Norris

By:

Steven L. Kester, Esq.
Attorneys for Sanjesh Sharma and
Sharma Developments, Inc.

# EXHIBIT A

### Schedule of Monthly Payments
### October 1, 2008 to September 1, 2013

| Date of Payment | Amount of Payment |
|---|---|
| October 1, 2008 | $1,200.00 |
| November 1, 2008 | $1,200.00 |
| December 1, 2008 | $1,200.00 |
| January 1, 2009 | $1,200.00 |
| February 1, 2009 | $1,200.00 |
| March 1, 2009 | $1,200.00 |
| April 1, 2009 | $1,200.00 |
| May 1, 2009 | $1,200.00 |
| June 1, 2009 | $1,200.00 |
| July 1, 2009 | $1,200.00 |
| August 1, 2009 | $1,200.00 |
| September 1, 2009 | $1,200.00 |
| | |
| October 1, 2009 | $1,500.00 |
| November 1, 2009 | $1,500.00 |
| December 1, 2009 | $1,500.00 |
| January 1, 2010 | $1,500.00 |
| February 1, 2010 | $1,500.00 |
| March 1, 2010 | $1,500.00 |
| April 1, 2010 | $1,500.00 |
| May 1, 2010 | $1,500.00 |
| June 1, 2010 | $1,500.00 |
| July 1, 2010 | $1,500.00 |
| August 1, 2010 | $1,500.00 |
| September 1, 2010 | $1,500.00 |
| | |
| October 1, 2010 | $1,750.00 |
| November 1, 2010 | $1,750.00 |
| December 1, 2010 | $1,750.00 |
| January 1, 2011 | $1,750.00 |
| February 1, 2011 | $1,750.00 |
| March 1, 2011 | $1,750.00 |
| April 1, 2011 | $1,750.00 |
| May 1, 2011 | $1,750.00 |
| June 1, 2011 | $1,750.00 |
| July 1, 2011 | $1,750.00 |
| August 1, 2011 | $1,750.00 |
| September 1, 2011 | $1,750.00 |

# EXHIBIT B

## Amortization Schedule

Terms: $240,000.00 Principal, 7% annual simple interest rate

| Date of Payment | Payment Amount ($) | Interest ($) | Principal ($) | Principal Due ($) |
|---|---|---|---|---|
| October 1, 2008 | 1,200.00 | - | - | 240,000.00 |
| November 1, 2008 | 1,200.00 | - | - | 240,000.00 |
| January 1, 2009 | 1,200.00 | - | - | 240,000.00 |
| February 1, 2009 | 1,200.00 | - | - | 240,000.00 |
| March 1, 2009 | 1,200.00 | - | - | 240,000.00 |
| March 1, 2009 | 10,000.00 | - | 10,000.00 | 230,000.00 |
| April 1, 2009 | 1,200.00 | - | - | 230,000.00 |
| May 1, 2009 | 1,200.00 | - | - | 230,000.00 |
| June 1, 2009 | 1,200.00 | - | - | 230,000.00 |
| July 1, 2009 | 1,200.00 | - | - | 230,000.00 |
| August 1, 2009 | 1,200.00 | - | - | 230,000.00 |
| September 1, 2009 | 1,200.00 | - | - | 230,000.00 |
| October 1, 2009 | 1,500.00 | 1,400.00 | 100.00 | 229,900.00 |
| November 1, 2009 | 1,500.00 | 1,400.00 | 100.00 | 229,800.00 |
| December 1, 2009 | 1,500.00 | 1,400.00 | 100.00 | 229,700.00 |
| January 1, 2010 | 1,500.00 | 1,400.00 | 100.00 | 229,600.00 |
| February 1, 2010 | 1,500.00 | 1,400.00 | 100.00 | 229,500.00 |
| March 1, 2010 | 1,500.00 | 1,400.00 | 100.00 | 229,400.00 |
| April 1, 2010 | 1,500.00 | 1,400.00 | 100.00 | 229,300.00 |
| May 1, 2010 | 1,500.00 | 1,400.00 | 100.00 | 229,200.00 |
| June 1, 2010 | 1,500.00 | 1,400.00 | 100.00 | 229,100.00 |
| July 1, 2010 | 1,500.00 | 1,400.00 | 100.00 | 229,000.00 |
| August 1, 2010 | 1,500.00 | 1,400.00 | 100.00 | 228,900.00 |
| September 1, 2010 | 1,500.00 | 1,400.00 | 100.00 | 228,800.00 |
| October 1, 2010 | 1,750.00 | 1,400.00 | 350.00 | 228,450.00 |
| November 1, 2010 | 1,750.00 | 1,400.00 | 350.00 | 228,100.00 |
| December 1, 2010 | 1,750.00 | 1,400.00 | 350.00 | 227,750.00 |
| January 1, 2011 | 1,750.00 | 1,400.00 | 350.00 | 227,400.00 |
| February 1, 2011 | 1,750.00 | 1,400.00 | 350.00 | 227,050.00 |
| March 1, 2011 | 1,750.00 | 1,400.00 | 350.00 | 226,700.00 |
| April 1, 2011 | 1,750.00 | 1,400.00 | 350.00 | 226,350.00 |
| May 1, 2011 | 1,750.00 | 1,400.00 | 350.00 | 226,000.00 |
| June 1, 2011 | 1,750.00 | 1,400.00 | 350.00 | 225,650.00 |
| July 1, 2011 | 1,750.00 | 1,400.00 | 350.00 | 225,300.00 |
| August 1, 2011 | 1,750.00 | 1,400.00 | 350.00 | 224,950.00 |
| September 1, 2011 | 1,750.00 | 1,400.00 | 350.00 | 224,600.00 |

| | | | | |
|---|---|---|---|---|
| October 1, 2011 | 2,000.00 | 1,400.00 | 600.00 | 224,000.00 |
| November 1, 2011 | 2,000.00 | 1,400.00 | 600.00 | 223,400.00 |
| December 1, 2011 | 2,000.00 | 1,400.00 | 600.00 | 222,800.00 |
| January 1, 2012 | 2,000.00 | 1,400.00 | 600.00 | 222,200.00 |
| February 1, 2012 | 2,000.00 | 1,400.00 | 600.00 | 221,600.00 |
| March 1, 2012 | 2,000.00 | 1,400.00 | 600.00 | 221,000.00 |
| April 1, 2012 | 2,000.00 | 1,400.00 | 600.00 | 220,400.00 |
| May 1, 2012 | 2,000.00 | 1,400.00 | 600.00 | 219,800.00 |
| June 1, 2012 | 2,000.00 | 1,400.00 | 600.00 | 219,200.00 |
| July 1, 2012 | 2,000.00 | 1,400.00 | 600.00 | 218,600.00 |
| August 1, 2012 | 2,000.00 | 1,400.00 | 600.00 | 218,000.00 |
| September 1, 2012 | 2,000.00 | 1,400.00 | 600.00 | 217,400.00 |
| October 1, 2012 | 2,000.00 | 1,400.00 | 600.00 | 216,800.00 |
| November 1, 2012 | 2,000.00 | 1,400.00 | 600.00 | 216,200.00 |
| December 1, 2012 | 2,000.00 | 1,400.00 | 600.00 | 215,600.00 |
| January 1, 2013 | 2,000.00 | 1,400.00 | 600.00 | 215,000.00 |
| February 1, 2013 | 2,000.00 | 1,400.00 | 600.00 | 214,400.00 |
| March 1, 2013 | 2,000.00 | 1,400.00 | 600.00 | 213,800.00 |
| April 1, 2013 | 2,000.00 | 1,400.00 | 600.00 | 213,200.00 |
| May 1, 2013 | 2,000.00 | 1,400.00 | 600.00 | 212,600.00 |
| June 1, 2013 | 2,000.00 | 1,400.00 | 600.00 | 212,000.00 |
| July 1, 2013 | 2,000.00 | 1,400.00 | 600.00 | 211,400.00 |
| August 1, 2013 | 2,000.00 | 1,400.00 | 600.00 | 210,800.00 |
| September 1, 2013 | 2,000.00 | 1,400.00 | 600.00 | 210,200.00 |
| October 1, 2013 | 2,000.00 | 1,400.00 | 600.00 | 209,600.00 |
| November 1, 2013 | 2,000.00 | 1,400.00 | 600.00 | 209,000.00 |
| December 1, 2013 | 2,000.00 | 1,400.00 | 600.00 | 208,400.00 |
| January 1, 2014 | 2,000.00 | 1,400.00 | 600.00 | 207,800.00 |
| February 1, 2014 | 2,000.00 | 1,400.00 | 600.00 | 207,200.00 |
| March 1, 2014 | 2,000.00 | 1,400.00 | 600.00 | 206,600.00 |
| April 1, 2014 | 2,000.00 | 1,400.00 | 600.00 | 206,000.00 |
| May 1, 2014 | 2,000.00 | 1,400.00 | 600.00 | 205,400.00 |
| June 1, 2014 | 2,000.00 | 1,400.00 | 600.00 | 204,800.00 |
| July 1, 2014 | 2,000.00 | 1,400.00 | 600.00 | 204,200.00 |
| August 1, 2014 | 2,000.00 | 1,400.00 | 600.00 | 203,600.00 |
| September 1, 2014 | 2,000.00 | 1,400.00 | 600.00 | 203,000.00 |
| October 1, 2014 | 2,000.00 | 1,400.00 | 600.00 | 202,400.00 |
| November 1, 2014 | 2,000.00 | 1,400.00 | 600.00 | 201,800.00 |
| December 1, 2014 | 2,000.00 | 1,400.00 | 600.00 | 201,200.00 |
| January 1, 2015 | 2,000.00 | 1,400.00 | 600.00 | 200,600.00 |
| February 1, 2015 | 2,000.00 | 1,400.00 | 600.00 | 200,000.00 |
| March 1, 2015 | 2,000.00 | 1,400.00 | 600.00 | 199,400.00 |
| April 1, 2015 | 2,000.00 | 1,400.00 | 600.00 | 198,800.00 |
| May 1, 2015 | 2,000.00 | 1,400.00 | 600.00 | 198,200.00 |
| June 1, 2015 | 2,000.00 | 1,400.00 | 600.00 | 197,600.00 |

| July 1, 2015 | 2,000.00 | 1,400.00 | 600.00 | 197,000.00 |
| August 1, 2015 | 2,000.00 | 1,400.00 | 600.00 | 196,400.00 |
| September 1, 2015 | 2,000.00 | 1,400.00 | 600.00 | 195,800.00 |
| October 1, 2015 | 2,000.00 | 1,400.00 | 600.00 | 195,200.00 |
| November 1, 2015 | 2,000.00 | 1,400.00 | 600.00 | 194,600.00 |
| December 1, 2015 | 2,000.00 | 1,400.00 | 600.00 | 194,000.00 |

| | | | | |
|---|---|---|---|---|
| July 1, 2015 | 2,000.00 | 1,400.00 | 600.00 | 197,000.00 |
| August 1, 2015 | 2,000.00 | 1,400.00 | 600.00 | 196,400.00 |
| September 1, 2015 | 2,000.00 | 1,400.00 | 600.00 | 195,800.00 |
| October 1, 2015 | 2,000.00 | 1,400.00 | 600.00 | 195,200.00 |
| November 1, 2015 | 2,000.00 | 1,400.00 | 600.00 | 194,600.00 |
| December 1, 2015 | 2,000.00 | 1,400.00 | 600.00 | 194,000.00 |
| January 1, 2016 | 2,000.00 | 1,400.00 | 600.00 | 193,400.00 |
| February 1, 2016 | 2,000.00 | 1,400.00 | 600.00 | 192,800.00 |
| March 1, 2016 | 2,000.00 | 1,400.00 | 600.00 | 192,200.00 |
| April 1, 2016 | 2,000.00 | 1,400.00 | 600.00 | 191,600.00 |
| May 1, 2016 | 2,000.00 | 1,400.00 | 600.00 | 191,000.00 |
| June 1, 2016 | 2,000.00 | 1,400.00 | 600.00 | 190,400.00 |
| July 1, 2016 | 2,000.00 | 1,400.00 | 600.00 | 189,800.00 |
| August 1, 2016 | 2,000.00 | 1,400.00 | 600.00 | 189,200.00 |
| September 1, 2016 | 2,000.00 | 1,400.00 | 600.00 | 188,600.00 |
| October 1, 2016 | 2,000.00 | 1,400.00 | 600.00 | 188,000.00 |
| November 1, 2016 | 2,000.00 | 1,400.00 | 600.00 | 187,400.00 |
| December 1, 2016 | 2,000.00 | 1,400.00 | 600.00 | 186,800.00 |
| January 1, 2017 | 2,000.00 | 1,400.00 | 600.00 | 186,200.00 |
| February 1, 2017 | 2,000.00 | 1,400.00 | 600.00 | 185,600.00 |
| March 1, 2017 | 2,000.00 | 1,400.00 | 600.00 | 185,000.00 |
| April 1, 2017 | 2,000.00 | 1,400.00 | 600.00 | 184,400.00 |
| May 1, 2017 | 2,000.00 | 1,400.00 | 600.00 | 183,800.00 |
| June 1, 2017 | 2,000.00 | 1,400.00 | 600.00 | 183,200.00 |
| July 1, 2017 | 2,000.00 | 1,400.00 | 600.00 | 182,600.00 |
| August 1, 2017 | 2,000.00 | 1,400.00 | 600.00 | 182,000.00 |
| September 1, 2017 | 2,000.00 | 1,400.00 | 600.00 | 181,400.00 |
| October 1, 2017 | 2,000.00 | 1,400.00 | 600.00 | 180,800.00 |
| November 1, 2017 | 2,000.00 | 1,400.00 | 600.00 | 180,200.00 |
| December 1, 2017 | 2,000.00 | 1,400.00 | 600.00 | 179,600.00 |
| January 1, 2018 | 2,000.00 | 1,400.00 | 600.00 | 179,000.00 |
| February 1, 2018 | 2,000.00 | 1,400.00 | 600.00 | 178,400.00 |
| March 1, 2018 | 2,000.00 | 1,400.00 | 600.00 | 177,800.00 |
| April 1, 2018 | 2,000.00 | 1,400.00 | 600.00 | 177,200.00 |
| May 1, 2018 | 2,000.00 | 1,400.00 | 600.00 | 176,600.00 |
| June 1, 2018 | 2,000.00 | 1,400.00 | 600.00 | 176,000.00 |
| July 1, 2018 | 2,000.00 | 1,400.00 | 600.00 | 175,400.00 |
| August 1, 2018 | 2,000.00 | 1,400.00 | 600.00 | 174,800.00 |
| September 1, 2018 | 2,000.00 | 1,400.00 | 600.00 | 174,200.00 |

FROM : RICHARD KENNEDY ATTY AT LAW        PHONE NO. : 951 715 5002          Jan. 26 2011 08:25AM P2

JUD-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state b    ... ber, and address)* . | FOR COURT USE ONLY |
|---|---|
| GARY A. PEROTIN ESQ    72227<br>LAW OFFICE OF GARY A. PEROTIN, A.P.L.C<br>151 N. KRAEMER BLVD., SUITE 225<br>PLACENTIA, CA 92870<br>TELEPHONE NO. (714) 524-6230    FAX NO. *(Optional)* (714) 524-6003<br>E-MAIL ADDRESS *(Optional)*    GPEROTIN@AOL.COM<br>ATTORNEY FOR *(Name)*    PLAINTIFF | **CONFORMED COPY**<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>**DEC 29 2008**<br><br>John A. Clarke, Executive Officer/Clerk<br>By_____, Deputy |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF    LOS ANGELES<br>STREET ADDRESS 400 CIVIC CENTER PLAZA<br>MAILING ADDRESS: SAME AS ABOVE<br>CITY AND ZIP CODE: POMONA, CALIFORNIA<br>BRANCH NAME: EAST DISTRICT |
|---|
| PLAINTIFF: CARMEN SALCIDO, AN INDIVIDUAL |
| DEFENDANT: SHARMA DEVELOPMENTS, INC; SANJESH SHARMA |

| JUDGMENT | CASE NUMBER:<br>KC051243 |
|---|---|
| ☐ By Clerk    ☐ By Default    ☐ After Court Trial<br>☒ By Court    ☒ On Stipulation    ☐ Defendant Did Not<br>                                 Appear at Trial | |

**JUDGMENT**

1. ☐ **BY DEFAULT**
   a. Defendant was properly served with a copy of the summons and complaint.
   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
   c. Defendant's default was entered by the clerk upon plaintiff's application.
   d. ☐ **Clerk's Judgment** (Code Civ. Proc., § 585(a)). Defendant was sued only on a contract or judgment of a court of this state for the recovery of money.

   e. ☐ **Court Judgment** (Code Civ. Proc., § 585(b)). The court considered
      (1) ☐ plaintiff's testimony and other evidence.
      (2) ☐ Plaintiff's written declaration (Code Civ. Proc., § 585(d)).

2. ☒ **ON STIPULATION**
   a. Plaintiff and defendant agreed (stipulated) that a judgment be entered in this case. The court approved the stipulated judgment and
   b. ☒ the signed written stipulation was filed in the case.
   c. ☐ the stipulation was stated in open court    ☐ the stipulation was stated on the record.

3. ☐ **AFTER COURT TRIAL**. The jury was waived. The court considered the evidence.
   a. The case was tried on *(date and time)* :
      before *(name of judicial officer)* :
   b. Appearances by:
      ☐ Plaintiff *(name each)* :                          ☐ Plaintiff's attorney *(name each)* :
         (1)                                                  (1)
         (2)                                                  (2)
      ☐ Continued on Attachment 3b.

      ☐ Defendant *(name each)* :                        ☐ Defendant's attorney *(name each)* :
         (1)                                                  (1)
         (2)                                                  (2)
      ☐ Continued on Attachment 3b.

   c. ☐ Defendant did not appear at trial. Defendant was properly served with notice of trial.

   d. ☐ A statement of decision (Code Civ. Proc., § 632) ☐ was not ☐ was    requested.

Page 1 of 2

Form Approved for Optional Use<br>Judicial Council of California<br>JUD-100 [New January 1, 2002]<br>Martin Dean's Essential Forms™          **JUDGMENT**          Code of Civil Procedure, §§ 585, 664.6

SALCIDO, CARMEN

FROM : RICHARD KENNEDY ATTY AT LAW        PHONE NO. : 951 715 5002        Jan. 26 2011 08:25AM P3

| PLAINTIFF: CARMEN SALCIDO,    INDIVIDUAL | NUMBER |
|---|---|
| DEFENDANT: SHARMA DEVELOPMENTS, INC; SANJESH SHARMA | 051243 |

JUDGMENT IS ENTERED AS FOLLOWS BY:    [X] THE COURT    [ ] THE CLERK

4.    [X] Stipulated Judgment. Judgment is entered according to the stipulation of the parties.

5    Parties. Judgment is
    a    [X] for plaintiff (name each) :              c.    [ ] for cross-complainant (name each) :
        CARMEN SALCIDO

        and against defendant (names) :           and against cross-defendant (name each) .

        [ ] Continued on Attachment 5a.           [ ] Continued on Attachment 5c.

    b.    [X] for defendant (name each) :          d.    [ ] for cross-defendant (name each) :
        SHARMA DEVELOPMENTS, INC
        SANJESH SHARMA

6.    Amount.
    a.    [X] Defendant named in item 5a above must      c.    [ ] Cross-defendant named in item 5c above must pay
        pay plaintiff on the complaint:           cross-complainant on the cross-complaint:

| (1) [X] Damages | $ | 240,000.00 | (1) [ ] Damages | $ | |
|---|---|---|---|---|---|
| (2) [ ] Prejudgment interest at the annual rate of    % | $ | | (2) [ ] Prejudgment interest at the annual rate of    % | $ | |
| (3) [ ] Attorney fees | $ | | (3) [ ] Attorney fees | $ | |
| (4) [ ] Costs | $ | | (4) [ ] Costs | $ | |
| (5) [ ] Other (specify) : | $ | | (5) [ ] Other (specify) : | $ | |
| (6)    TOTAL | $ | 240,000.00 | (6)    TOTAL | $ | 0.00 |

    b.    [ ] Plaintiff to receive nothing from defendant    d.    [ ] Cross-complainant to receive nothing from
        named in item 5b.           cross-defendant named in item 5d.
        [ ] Defendant named in item 5b to recover      [ ] Cross-defendant named in item 5d to recover
        costs $               costs $
        [ ] and attorney fees $        [ ] and attorney fees $

7.    [ ] Other (specify) :

                                   JUDGE PETER J. MEEKA

Date:    DEC 2 9 2008            [ ]    _____
                                 JUDICIAL OFFICER

Date·                    [ ]    Clerk, by    _____ , Deputy

| (SEAL) | **CLERK'S CERTIFICATE** (Optional) |
|---|---|
| | I certify that this is a true copy of the original judgment on file in the court. |
| | Date: |
| | Clerk, by    _____ , Deputy |

JUD-100 [New January 1, 2002]
Martin Dean's Essential Forms™        **JUDGMENT**

                          SALCIDO, CARMEN

FROM : RICHARD KENNEDY ATTY AT LAW      PHONE NO. : 951 715 5002          Jan. 26 2011 08:26AM P4

1 | LAW OFFICE OF GARY A. PEROTIN
A PROFESSIONAL LAW CORPORATION
2 | FOUNDERS COURT ABN 72227
151 N. KRAEMER BLVD., SUITE 225
3 | PLACENTIA, CA. 92870
(714) 524-6230

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 29 2008

John A. Clarke, Executive Officer/Clerk
by_____, Deputy

# SUPERIOR COURT FOR THE STATE OF CALIFORNIA
## COUNTY OF LOS ANGELES

Attorney for Plaintiff

**CARMEN SALCIDO**

Plaintiff,

vs.

**SHARMA DEVELOPMENTS, INC.; SANJESH
SHARMA, AND DOES 1 THROUGH 100,**
Defendant.

Case No: **KC051243**

**REQUEST FOR ENTRY OF JUDGMENT
PURSUANT TO STIPULATION FOR
JUDGMENT FILED 10/22/2008**

The Clerk of the Court is request to enter judgment in favor of Plaintiff,

CARMEN SALCIDO, an individual as against SHARMA DEVELOPMENTS, INC. and

SANJESH SHARMA, an individual as follows:

1) Principal $240,000

I declare under penalty of perjury under the law of the State of California

that the foregoing declaration is true and correct and was executed on

December 23, 2008 at Placentia, California.

GARY A. PEROTIN, ESQ.
Attorney for Plaintiff

REQUEST FOR ENTRY OF JUDGMENT PURSUANT TO STIPULATION FOR JUDGMENT FILED 10/22/2008~ 1

B1 (Official Form 1)(4/10)

| United States Bankruptcy Court<br>Central District of California | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Sharma, Sanjesh Prasad** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**Sharma, Aracely Colombina** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**See Attachment** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-7855** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-2720** |
| Street Address of Debtor (No. and Street, City, and State):<br>**857 Sonora Ct**<br>**San Dimas, CA**<br>ZIP Code **91773** | Street Address of Joint Debtor (No. and Street, City, and State):<br>**857 Sonora Ct**<br>**San Dimas, CA**<br>ZIP Code **91773** |
| County of Residence or of the Principal Place of Business:<br>**Los Angeles** | County of Residence or of the Principal Place of Business:<br>**Los Angeles** |
| Mailing Address of Debtor (if different from street address):<br>**421 South Cataract Avenue**<br>**San Dimas, CA**<br>ZIP Code **91773** | Mailing Address of Joint Debtor (if different from street address):<br>**421 South Cataract Avenue**<br>**San Dimas, CA**<br>ZIP Code **91773** |
| Location of Principal Assets of Business Debtor<br>(if different from street address above). | **Business are closed down** |

| Type of Debtor<br>(Form of Organization)<br>(Check one box) | Nature of Business<br>(Check one box) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) | |
|---|---|---|---|
| ■ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined<br>in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>■ Other | ■ Chapter 7<br>☐ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13 | ☐ Chapter 15 Petition for Recognition<br>of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition<br>of a Foreign Nonmain Proceeding |
| | **Tax-Exempt Entity**<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box)<br>☐ Debts are primarily consumer debts,<br>defined in 11 U.S.C. § 101(8) as<br>"incurred by an individual primarily for<br>a personal, family, or household purpose." | ■ Debts are primarily<br>business debts. |

| Filing Fee (Check one box)<br>■ Full Filing Fee attached<br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must<br>attach signed application for the court's consideration certifying that the<br>debtor is unable to pay fee except in installments. Rule 1006(b). See Official<br>Form 3A<br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C § 101(51D)<br>☐ Debtor is not a small business debtor as defined in 11 U.S C § 101(51D)<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates)<br>are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter)*<br>Check all applicable boxes<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors,<br>in accordance with 11 U.S.C § 1126(b). |
|---|---|

**Chapter 11 Debtors** (label above right column)

| Statistical/Administrative Information<br>☐ Debtor estimates that funds will be available for distribution to unsecured creditors<br>■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid,<br>there will be no funds available for distribution to unsecured creditors. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

Estimated Number of Creditors

| ☐<br>1-<br>49 | ☐<br>50-<br>99 | ■<br>100-<br>199 | ☐<br>200-<br>999 | ☐<br>1,000-<br>5,000 | ☐<br>5,001-<br>10,000 | ☐<br>10,001-<br>25,000 | ☐<br>25,001-<br>50,000 | ☐<br>50,001-<br>100,000 | ☐<br>OVER<br>100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| ☐<br>$0 to<br>$50,000 | ☐<br>$50,001 to<br>$100,000 | ☐<br>$100,001 to<br>$500,000 | ☐<br>$500,001<br>to $1<br>million | ■<br>$1,000,001<br>to $10<br>million | ☐<br>$10,000,001<br>to $50<br>million | ☐<br>$50,000,001<br>to $100<br>million | ☐<br>$100,000,001<br>to $500<br>million | ☐<br>$500,000,001<br>to $1 billion | ☐<br>More than<br>$1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| ☐<br>$0 to<br>$50,000 | ☐<br>$50,001 to<br>$100,000 | ☐<br>$100,001 to<br>$500,000 | ☐<br>$500,001<br>to $1<br>million | ☐<br>$1,000,001<br>to $10<br>million | ■<br>$10,000,001<br>to $50<br>million | ☐<br>$50,000,001<br>to $100<br>million | ☐<br>$100,000,001<br>to $500<br>million | ☐<br>$500,000,001<br>to $1 billion | ☐<br>More than<br>$1 billion |
|---|---|---|---|---|---|---|---|---|---|

eb

**B1 (Official Form 1)(4/10)** Page 2

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Sharma, Sanjesh Prasad**<br>**Sharma, Aracely Colombina** |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed: **- None -** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>**X** _____<br>  Signature of Attorney for Debtor(s)        (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

■ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**

(Check any applicable box)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**

(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(4/10)                                                                                                    Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Sharma, Sanjesh Prasad** <br> **Sharma, Aracely Colombina** |

Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  **/s/ Sanjesh Prasad Sharma**
   Signature of Debtor  **Sanjesh Prasad Sharma**

X  **/s/ Aracely Colombina Sharma**
   Signature of Joint Debtor  **Aracely Colombina Sharma**


   Telephone Number (If not represented by attorney)

   **December  3, 2010**
   Date

### Signature of Attorney*

X  **/s/ Steven A. Alpert**
   Signature of Attorney for Debtor(s)

   **Steven A. Alpert 159730**
   Printed Name of Attorney for Debtor(s)

   **Price Law Group, APC**
   Firm Name
   **15760 Ventura Blvd.**
   **Suite 1100**
   **Encino, CA 91436**

   Address


   **818-995-4540  Fax: 818-995-9277**
   Telephone Number

   **December  3, 2010          159730**
   Date
*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
  Signature of Authorized Individual

  _____
  Printed Name of Authorized Individual

  _____
  Title of Authorized Individual

  _____
  Date

---

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
  Signature of Foreign Representative

  _____
  Printed Name of Foreign Representative

  _____
  Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person.or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:



If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110, 18 U.S.C. §156*

In re    **Sanjesh Prasad Sharma,**                                                      Case No. _____  _____
         **Aracely Colombina Sharma**
_____
                                                    Debtors

# Form 1. Voluntary Petition

## Other Names Attachment

All Other Names used by Debtor in the last 8 years:

| | | |
|---|---|---|
| 1. | AW | **Diverse Lending Group** |
| 2. | AW | **Sharma Developments Inc.** |
| 3. | AW | **Team Sharma Inc.** |
| 4. | AW | **Bella Builders Inc.** |
| 5. | AW | **Ashton Management LLC** |
| 6. | AW | **Bloomington Estates Inc.** |
| 7. | AW | **Royal Kanan Homes Inc.** |
| 8. | AW | **Baldwin Park Builders LLC** |
| 9. | AW | **Project Real LLC** |

B 1D (Official Form 1, Exhibit D) (12/09)

## United States Bankruptcy Court
### Central District of California

In re      **Sanjesh Prasad Sharma**
           **Aracely Colombina Sharma**                                    Case No. _____

                                                    Debtor(s)              Chapter    **7**

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

□ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

□ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ___

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

B 1D (Official Form 1, Exhibit D) (12/09) - Cont.                                                                          Page 2

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   **/s/ Sanjesh Prasad Sharma**
                       **Sanjesh Prasad Sharma**

Date:   **December 3, 2010**

B 1D (Official Form 1. Exhibit D) (12/09)

## United States Bankruptcy Court
### Central District of California

In re   **Sanjesh Prasad Sharma**
        **Aracely Colombina Sharma** _____        Case No. _____

                                              Debtor(s)                Chapter      **7** _____

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

B 1D (Official Form 1. Exhibit D) (12/09) - Cont.                                                          Page 2

□ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable
statement.] [Must be accompanied by a motion for determination by the court.]*
        □ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or
mental deficiency so as to be incapable of realizing and making rational decisions with respect to
financial responsibilities.);
        □ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being
unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or
through the Internet.);
        □ Active military duty in a military combat zone.

□ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling
requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

                    Signature of Debtor:   **/s/ Aracely Colombina Sharma**
                                           **Aracely Colombina Sharma**
                    Date:   **December 3, 2010**

## STATEMENT OF RELATED CASES
## INFORMATION REQUIRED BY LOCAL BANKRUPTCY RULE 1015-2
## UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1.  A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)
    **None.**

2.  (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)
    **None.**

3.  (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)
    **None.**

4.  (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)
    **None.**

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at  **San Dimas** _____ , California.     **/s/ Sanjesh Prasad Sharma** _____
                                                             **Sanjesh Prasad Sharma**
Dated     **December 3, 2010** _____               *Debtor*

                                                             **/s/ Aracely Colombina Sharma** _____
                                                             **Aracely Colombina Sharma**
                                                             *Joint Debtor*

Case 2:10-bk-61901·.  ⌐  Doc 1    Filed 12/03/10    Entered .    J3/10 16:41:29    Desc
Main Document    Page 10 of 129

B201 - Notice of Available Chapters (Rev. 12/08)                                    USBC, Central District of California

| | |
|---|---|
| Name: | **Steven A. Alpert 159730** |
| Address: | **15760 Ventura Blvd.** |
| | **Suite 1100** |
| | **Encino, CA 91436** |
| Telephone: | **818-995-4540**    Fax:    **818-995-9277** |

■  Attorney for Debtor
☐  Debtor in Pro Per

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| List all names including trade names, used by Debtor(s) within last 8 years: | Case No.: |
|---|---|
| **Sanjesh Prasad Sharma** **Aracely Colombina Sharma** **AW Diverse Lending Group; AW Sharma Developments Inc.; AW Team Sharma Inc.; AW Bella Builders Inc.; AW Ashton Management LLC; AW Bloomington Estates Inc.; AW Royal Kanan Homes Inc.; AW Baldwin Park Builders LLC; AW Project Real LLC** | **NOTICE OF AVAILABLE CHAPTERS** (Notice to Individual Consumer Debtor Under § 342(b) of the Bankruptcy Code) |

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

### 1.    Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days <u>before</u> the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

### 2.    The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

#### Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total Fee $299)

1.  Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

2.  Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

B201 - Notice of Available Chapters (Rev. 12/08)                                     USBC, Central District of California

3.  The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4.  Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)

1.  Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2.  Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

3.  After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

### 3.    Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

### Certificate of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read this notice.

| | | |
|---|---|---|
| **Sanjesh Prasad Sharma** **Aracely Colombina Sharma** | X  **/s/ Sanjesh Prasad Sharma** | **December  3, 2010** |
| Printed Name of Debtor | Signature of Debtor | Date |
| Case No. (if known) | X  **/s/ Aracely Colombina Sharma** | **December  3, 2010** |
| | Signature of Joint Debtor (if any) | Date |

B6 Summary (Official Form 6 - Summary) (12/07)

## United States Bankruptcy Court
### Central District of California

In re    **Sanjesh Prasad Sharma,**                                          Case No. _____  _____  _____

     **Aracely Colombina Sharma**

_____                              Case No. _____  _____  _____

                                 Debtors              Chapter_____  _____        **7**_____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 1,390,000.00 | | |
| B - Personal Property | Yes | 4 | 53,736.30 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | 1,169,096.21 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 3 | | 166,479.12 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 44 | | 10,756,440.63 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 6,650.69 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 8,157.00 |
| Total Number of Sheets of ALL Schedules | | 60 | | | |
| Total Assets | | | 1,443,736.30 | | |
| Total Liabilities | | | | 12,092,015.96 | |

Form 6 - Statistical Summary (12/07)

## United States Bankruptcy Court
### Central District of California

In re    **Sanjesh Prasad Sharma,**                                    Case No. _____
         **Aracely Colombina Sharma**
                                                    _____
                                          Debtors '          Chapter_____    **7**

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

■ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule F) | |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | |
| Student Loan Obligations (from Schedule F) | |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | |
| TOTAL | |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | |
| Average Expenses (from Schedule J, Line 18) | |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | |

**State the following:**

| | |
|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | |
| 4. Total from Schedule F | |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | |

B6A (Official Form 6A) (12/07)

In re    **Sanjesh Prasad Sharma,**                                      Case No. _____
         **Aracely Colombina Sharma**
_____,
Debtors

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or iu which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| Location: 857 Sonora Ct, San Dimas CA 91773 | | C | 550,000.00 | 613,096.21 |
| 10227 Beverly Blvd. Whittier, CA 90604 | | C | 340,000.00 | 356,000.00 |
| This property is owned by Debtor's LLC, Ashton Management LLC | | | | |
| 1700 1700 1/2 1702 1702 1/2 S La Brea Blvd. Los Angeles, CA 4919 St. Elmo These 5 units are all on one parcel. | | C | 500,000.00 | Unknown |

There is litigation pending currently about whether California Bank and Trust has a valid lien. They certainly should have a valid lien, but due to an accidental reconveyance they may not have a lien. There is some litigation pending between California Bank & Trust and the title company and the debtor has no idea how all of this will play out. The property is actually owned by Debtor's LLC, Ashton Management LLC

| | Sub-Total > | **1,390,000.00** | (Total of this page) |
|---|---|---|---|
| | Total > | **1,390,000.00** | |

**0**    continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07)

In re    **Sanjesh Prasad Sharma,**                                     Case No. _____
         **Aracely Colombina Sharma**

                                    Debtors

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| | Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|---|
| 1. | Cash on hand | X | | | |
| 2. | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Checking accounts; Chase, US Bank and California Bank and Trust | - | 1,000.00 |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | | Miscellaneous household furnishings, electronics, etc. | - | 3,600.00 |
| 5. | Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. | Wearing apparel. | | Personal clothing | - | 1,500.00 |
| 7. | Furs and jewelry. | | Misc. Jewelry | - | 2,000.00 |
| 8. | Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. | Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. | Annuities. Itemize and name each issuer. | X | | | |

                                              Sub-Total >      **8,100.00**
                                              (Total of this page)

__3__ continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com          Best Case Bankruptcy

**PROOF OF SERVICE**

1

    I am employed in Los Angeles County. My business address is 11766 Wilshire Blvd., 7th

2 Fl., Los Angeles, CA 90025. I am over the age of 18 years and I am not a party to this action.

3     On February 14, 2011, I caused to be served the following document, described as:
**COMPLAINT OBJECTING TO THE DISCHARGABILITY OF DEBT PURSUANT TO**

4 **11 U.S.C. § 523** on the interested parties as follows by placing a true copy thereof enclosed in
sealed envelopes as follows:

5

Steven A. Alpert, Esq.
6 Price Law Group, APC
15760 Ventura Boulevard, Suite 1100
7 Encino, CA 91436

8     [ ]   **BY PERSONAL DELIVERY:** I caused such envelope to be personally served
on the party or parties as indicated above.

9

10     [X]   **BY MAIL:**  I am "readily familiar " with the firm's practice of collection and
processing correspondence for mailing. Under that practice it would be deposited with U.S.

11 postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in
the ordinary course of business. I am aware that on motion of party served, service is presumed

12 invalid if postal cancellation date or postage meter date is more than one day after date of deposit

13 for mailing in affidavit.

14     [ ]   **BY OVERNIGHT:** I caused the above-referenced document(s) to be delivered to
Federal Express for delivery to the address(es) as indicated in the attached service via overnight

15 courier.

16     [ ]   **BY E-MAIL:** I caused such documents to be transmitted via e-mail on this date

17 to the above-named individuals.

18     [ ]   **BY FACSIMILE:** I caused such documents to be transmitted via facsimile on
this date o the above-named individuals.

19

I declare under penalty of perjury under the laws of the State of California that the foregoing is
20 true and correct.

21

Executed on February 14, 2011, at Los Angeles, California.

22

23

24

Shannon King

25

26

27

28

ORIGINAL

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:
Deputy Clerk
RECEIVED
FEB 16 2011

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Carmen Salcido | Sanjesh Prasad Sharma, et al. |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Michele A. Seltzer, Esq. Lurie & Associates, 11766 Wilshire Blvd., 7th Floor Los Angeles, CA 90025. (310) 478-7788 | Steven A. Alpert, Esq., Price Law Group, APC 15760 Ventura Blvd., Suite 1100 Encino, CA 91436 |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| □ Debtor    □ U.S. Trustee/Bankruptcy Admin ☑ Creditor    □ Other □ Trustee | ☑ Debtor    □ U.S. Trustee/Bankruptcy Admin □ Creditor    □ Other □ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Plaintiff files this adversary complaint per 11 U.S.C. 523 because the debts that debtors incurred to Plaintiff arose from his fraudulent actions.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- □ 11-Recovery of money/property - §542 turnover of property
- □ 12-Recovery of money/property - §547 preference
- □ 13-Recovery of money/property - §548 fraudulent transfer
- □ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- □ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- □ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- □ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- □ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- □ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☑ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☑ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- □ 61-Dischargeability - §523(a)(5), domestic support
- ☑ 68-Dischargeability - §523(a)(6), willful and malicious injury
- □ 63-Dischargeability - §523(a)(8), student loan
- □ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☑ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- □ 71-Injunctive relief – imposition of stay
- □ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- □ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- □ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- □ 01-Determination of removed claim or cause

**Other**
- □ SS-SIPA Case - 15 U.S.C §§78aaa et.seq
- □ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☑ Check if a jury trial is demanded in complaint | Demand $240,000 |
| Other Relief Sought Interest, punitive damages, attorney's fees | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Sanjesh Prasad Sharma and Aracely Columbina Sharma | | BANKRUPTCY CASE NO.<br>2:10-bk-61901-PC | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central | | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Hon. Peter H. Carroll |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br>2/14/11 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>MICHELE SELTZER | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.